SUCCESSION OF WM. G. KERLEY.—Opposition of PETER HICKMAN.

Community property is liable for community debts; the estates of minor heirs are merely residuary.
The validity, as well as the rank of debts, may be contested in the Court of the concurso. On the
arena of the tableau all the creditors are plaintiffs and defendants, and it is there that their respec-
tive claims are to be contradictorily settled.

APPEAL from the District Court, Parish of Caddo, *Creswell*, J.
*Manning*, for appellee.

The facts are stated in the opinion of the Court.

TALIAFERRO, J.   The contestation presented in this case, grows out of
conflicting claims of creditors litigated in the Court below upon the tab-
leau of an insolvent's succession.   The tutor of a minor had caused to be
placed on the tableau two claims in favor of his ward, for which he
claimed a legal mortgage taking precedence of the claims of the other
creditors.   One of these claims is for $4,434 92, alleged to be for the
proceeds of sale of several slaves belonging to the minor, and which
were sold by his father, then living, who was his natural tutor.   The
other claim is for the sum of $1,729 19, alleged to be money which
belonged to the minor's mother, and which was received by his father
and converted to his own use.   For this last claim suit was brought
against the administrator of the father's estate, a judgment obtained, and
the claim was placed on the tableau in that form.   A judgment creditor
for a large sum, claiming a judicial mortgage to precede that of the minor,
opposed both the claims of the minor as being without any just founda-
tion, and prayed that they be disallowed.   Judgment was rendered in
conformity with the prayer of the opposing creditor, and the tutor
appealed.

It appears that Wm. G. Kerley, who was father to the minor, married
Susan C. Kay at Nashville, Tennessee, in the year 1839 or 1840.   That he
afterwards lived in the State of Arkansas, and from there removed to Caddo
Parish, Louisiana, about the year 1837 or 1838, and there died in 1856.
His wife died in the same parish in the summer of 1850.   Kerley qualified
as natural tutor to his minor son, Dick Menifee Kerley, the sole heir of
his mother.   Kerley was unfortunate in his business pursuits, became
much involved in debt, and several judgments were obtained against him
by creditors.   A suit was filed against him by his wife for a separation of
property, in which it was alleged that she and her husband had acquired
a community property worth $5,000, and that her husband received, in
1844 or 1845, money of hers to the amount of $2,000.   It is not shown
that this suit was prosecuted to judgment.   Under executions issued by
creditors, ten slaves, the property of Kerley, or of the community exist-
ing between him and his wife, were seized and sold in May, 1849,
purchased by R. N. Wood, and by him sold to Mrs. Kerley in January,

1850. The minor, not long after the death of his mother, was removed to Kentucky, where a guardian was appointed to him. The slaves purchased by Wood, and sold to Mrs. Kerley, were, after her decease, placed upon an inventory as the property of the minor in right of his mother. Some of these slaves were sold by the tutor, W. G. Kerley, during his administration, and this sale forms the basis of the claim for $4,434 91. The other slaves under Kerley's administration as tutor, were removed, after the death of Kerley, by the Kentucky guardian to that State.

It is contended by the opposing creditor, Hickman, that the property treated as the minor's was, in fact, property of the community and subject to its debts. That the sale from Wood to Mrs. Kerley was a simulation and conveyed no title; and if valid, it did not change the character of the title. He avers that the judgment allowing Kay, the guardian of the minor, to remove the slaves to Kentucky was illegal, as it affected his rights as a creditor, and prays that the slaves be returned to the estate.

The tutor, Kay, the appellant, holds that an opposition to an administrator's tableau of distribution puts at issue nothing more than the question of rank among the creditors. That the issues tendered by the opponent are substantially suits to annul judgments, and can not be tried in the form of an opposition; and admitting they might be so tried, the judgment appealed from is a nullity for want of parties.

The validity, as well as the rank of debts, may be contested in the Court of the concurso. On the arena of the tableau all the creditors are plaintiffs and defendants, and it is there that their respective claims are to be contradictorily settled. 9 L. 387. 3 L. 559. 1 N. S. 481. 4 An. 195. 14 An. 648.

The reconventional demand of the opponent, Hickman, that the slaves, as he alleges, of the succession of Wm. G. Kerley, which were removed to Kentucky by the tutor, has been withdrawn, and we are left to determine only the validity of the claims set up in behalf of the minor. There having been no dissolution of the community existing between Wm. G. Kerley and his wife, the property purchased by her from Wood necessarily fell into the community. In such cases the law looks to the time of the purchase rather than to the party purchasing. C. C. Arts. 237.

Being property of the community, it was liable for the community debts. The minor's rights were merely residuary. In regard to the claim of seventeen hundred and twenty-nine dollars and nineteen cents, it seems clear that no lien or privilege can be legally claimed for it. It is in proof by the testimony of the wife's guardian during her minority that the money was paid over to her husband shortly after the marriage in the State of Tennessee, and before the parties came to reside in Louisiana. 2 Rob. 501. 6 An. 703. C. C. Arts. 3298, 3299, 3300.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both Courts.